IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GARY C. GOSHA and KIT GOSHA, | Case No.: 3:24-cv-00251-AN |
| Plaintiffs, | |
| v. | |
| | OPINION & ORDER |
| BANK OF NEW YORK MELLON, BANK OF AMERICA, N.A., COMMUNITY LOAN SERVICING LLC, NEWREZ LLC, d/b/a SHELLPOINT, ZBS LAW LLC, and JOHN DOES 1-5, | |
| Defendants. | |

Plaintiffs Gary and Kit Gosha brings this action against defendants Bank of New York Mellon ("BONYM"), formerly known as the Bank of New York, Community Loan Servicing LLC ("Community"), formerly known as Bayview Loan Servicing LLC, Bank of America, N.A., Newrez LLC, doing business as Shellpoint, ZBS Law LLC, and John Does 1-5 (collectively, "defendants"). Plaintiffs filed this Motion for Temporary Restraining Order, ECF [4], seeking to prevent a non-judicial foreclosure sale presently scheduled for February 20, 2024. The Court heard oral argument on February 15, 2024. For the reasons outlined below, plaintiffs' motion is DENIED.

## LEGAL STANDARD

Temporary restraining orders are subject to substantially the same factors as preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Generally, a plaintiff seeking a preliminary injunction must show: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20.

The Ninth Circuit also has a "serious questions" test which dictates that "serious questions

going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Thus, under the serious questions test, a preliminary injunction can be granted if there is a likelihood of irreparable injury to the plaintiff, serious questions going to the merits, the balance of hardships tips in favor of the plaintiff, and the injunction is in the public interest. *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

## BACKGROUND

Plaintiffs' claims involve real property located at 17590 S.W. Cheyenne Way, Tualatin, Oregon 97062 (the "Property"). Compl., ECF [1], Ex. A. Plaintiffs obtained a cash-out loan for the Property on October 24, 2005 via promissory note for $320,000 (the "Loan"). *Id.* ¶ 53, Ex. A. A Deed of Trust secures the Loan and was recorded on October 31, 2005 under instrument No. 2005-135812. *Id.*, Ex. R. On April 23, 2015, the Deed of Trust was assigned to BONYM, which is its current holder. *Id.* ¶ 67.

From August 2011 to the present, plaintiffs ceased making payments on the loan. *Id.* ¶ 54. On October 17, 2011, plaintiffs received a Notice of Intent to Accelerate ("2011 Notice of Intent"). *Id.* ¶ 55. The Notice of Intent informed plaintiffs that failure to make payments on the loan would result in acceleration and foreclosure proceedings. *Id.*

On November 28, 2011, plaintiffs declared bankruptcy, and initiated bankruptcy proceedings until March 7, 2012. *Id.* ¶¶ 58-60. On April 4, 2013, plaintiffs received a new Notice of Intent to Accelerate. *Id.* ¶ 61, Ex. L, at 4-6. On January 30, 2015, plaintiffs received another Notice of Intent to Accelerate. *Id.* ¶ 66, Ex. L, at 10-12. On September 11, 2015, plaintiffs received a Notice of Default and Election to Sell ("2015 Notice of Default"). *Id.* ¶ 68, Ex. M, at 1. The 2015 Notice of Default informed plaintiffs that their mortgage debt had been accelerated and that the beneficiary and trustee had elected to proceed with a non-judicial foreclosure sale. *Id.*, Ex. M, at 2.

On January 15, 2016, plaintiffs filed their first lawsuit against defendants in the District of Oregon, *Gosha v. Bank of New York Mellon Corporation*, No. 3:16-cv-00073-BR, alleging that the Deed of Trust was void and that the defendants in that action, notably BONYM and Community, committed fraud

in attempting to foreclose the loan. Compl. ¶ 69; Defs.' Opp. to Mot. for Temp. Restraining Order ("Defs.' Opp."), ECF [9], at 4. In December 2016, U.S. District Judge Anna Brown dismissed plaintiffs' case for failure to state a claim. Compl. ¶ 70. Plaintiffs then, unsuccessfully, filed a motion for reconsideration, an appeal, and a motion for reconsideration of the appellate order. Defs.' Opp. 4. The dismissal was affirmed on June 22, 2018. *Id.*

On April 1, 2019, plaintiffs filed their second lawsuit against defendants in the District of Oregon, *Gosha v. Bank of New York Mellon Corporation*, No. 3:19-cv-00470-HZ, seeking declaratory relief[1] to enforce the statute of limitations under Oregon Revised Statute ("ORS") § 73.0118(1). Compl. at ¶ 69, *Gosha*, No. 3:19-cv-00470-HZ (D. Or. Apr. 1, 2019). U.S. District Judge Marco Hernández dismissed this claim, finding that ORS § 73.0118(1) did not apply. Op. & Order at 10-11, *Gosha*, No. 3:19-cv-00470-HZ (D. Or. Oct. 18, 2019). Plaintiffs amended their complaint, alleging breach of contract, violation of ORS § 646.608, the Oregon Unfair Trade Practices Act, violation of 12 U.S.C. § 2605(e), the Real Estate Settlement Procedures Act, and violation of 15 U.S.C. § 1692(f)(6), the Fair Debt Collections Practices Act. First Am. Compl., *Gosha*, No. 3:19-cv-00470-HZ (D. Or. Nov. 18, 2019). Judge Hernández dismissed all plaintiffs' claims by granting defendants' summary judgment motion. Defs.' Opp. 5. Plaintiffs filed a notice of appeal. *Id.* The Ninth Circuit affirmed Judge Hernández's decision on February 1, 2024. *Gosha v. Bank of New York Mellon Corp.*, No. 22-35940 (9th Cir. Feb. 1, 2024). Plaintiffs submitted a Motion for Reconsideration on February 15, 2024.

On October 5, 2023, plaintiffs received a Trustee's Notice of Sale, informing plaintiffs that a non-judicial foreclosure sale of the Property would occur on February 20, 2024 at 9:00 a.m. Pl.'s Mot., Ex. E, at 1-2. Plaintiffs filed this lawsuit on February 6, 2024, alleging fraud, breach of good faith and fair dealing, and for violation of the statute of limitations under ORS §§ 73.0118(1) and 88.110. Compl. ¶¶ 139-45, 150-51, 172-73.

## DISCUSSION

---

[1] While plaintiffs brought other declaratory relief claims, for the purposes of the present motion, the Court only addresses the statute of limitations claims brought by plaintiffs in the prior litigation.

The Court finds that plaintiffs are unlikely to succeed on the merits of their claims. Thus, the Court declines to grant a temporary restraining order.

Plaintiffs' claims for fraud, breach of good faith and fair dealing, and for violation of the statute of limitations under ORS § 73.0118(1) are likely barred by claim preclusion. Claim preclusion generally prevents a party from relitigating claims that were raised, or could have been raised, in a prior action. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007). Under federal preclusion rules, claim preclusion applies where there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017); *see also Int'l Union v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (holding that if the claims arise out of the "same transactional nucleus of fact" as litigated in the prior matter claim preclusion prevents re-litigating those claims). Plaintiffs brought these same claims, arising from the same set of facts, against these same defendants in prior litigation. The claims were dismissed in a final determination, some with prejudice. Moreover, many of these claims are currently before the Ninth Circuit on appeal, making review by this Court inappropriate.

The only claim that is likely not barred by claim preclusion is plaintiffs' statute of limitations claim under ORS § 88.110. However, that claim is also unlikely to succeed on the merits. That statute states:

> "No mortgage upon real property shall be a lien upon such property after the expiration of 10 years from the later of the date of maturity of the mortgage debt, the expiration of the term of the mortgage debt or the date to which the payment thereof has been extended by agreement of record; and after such 10 years the mortgage shall be conclusively presumed paid and discharged, and no suit shall be maintainable for its foreclosure. If neither the date of maturity nor the term of the debt is disclosed by the recorded mortgage or recorded memorandum thereof, then the date of the execution of the recorded mortgage or recorded memorandum thereof shall be deemed the date of maturity and expiration of the term of the mortgage debt for purposes of this action."

Plaintiffs argue that when the mortgage loan was accelerated, as stated in the 2011 Notice of Intent, the statute of limitations in ORS § 88.110 began to run. Thus, in plaintiffs' view, the statute of limitations ran, at the latest, in 2021, and the Deed should be discharged.

Essentially, the merits of plaintiffs' claim rest on the interpretation of the phrase "the date

4

of maturity of the mortgage debt."  Oregon law has not addressed the impact of an acceleration of a mortgage debt on the statute of limitations outlined in ORS § 88.110.  However, this Court has addressed the impact of acceleration in *Bartelamia v. U.S. Bank National Association*, No. 3:23-cv-00877-AN, 2023 WL 4622897 (D. Or. July 19, 2023).  There, the plaintiff similarly sought injunctive relief to prevent a non-judicial foreclosure sale under ORS § 88.110.  *Id.* at *2.  While this Court found that accelerating a mortgage debt could trigger the statute of limitations in ORS § 88.110, the plaintiff there provided sufficient evidence of acceleration and the defendants provided insufficient evidence of rescission of the acceleration.  *Id.* at *3 (finding Notice of Default and Election to Sell accelerated the obligation owed under the Deed of Trust).  Conversely, in the present case, plaintiffs provide only a "Notice of *Intent* to Accelerate."  *See* Pls.' Mot., Ex. D (emphasis added).

The 2011 Notice of Intent states, in relevant part, "if the default is not cured on or before November 16, 2011, the mortgage payments **will be accelerated**."  *Id.* (emphasis in original).  An "intent" to accelerate is not equivalent to actual acceleration.  The only evidence of acceleration, based on the pleadings, comes from the 2015 Notice of Default and Election to Sell.  *See* Compl., Ex. M.  The 2015 Notice states, in relevant part, "By reason of the default, the beneficiary has declared *all obligations secured by the Deed of Trust immediately due and payable*" and that the beneficiary and trustee "have elected and do hereby elect to foreclose the Deed of Trust by advertisement and sale."  *Id.*, Ex. M, at 2 (emphasis added).  The 2015 Notice accomplished two goals that the 2011 Notice of Intent did not: (1) it accelerated the obligation owed by the Deed of Trust; and (2) it elected to foreclose the Deed of Trust by sale of the Property.  In turn, on September 11, 2015, the debt owed under the Deed was accelerated and, if acceleration triggered the statute of limitations, ORS § 88.110 would prohibit foreclosure after September 11, 2025.  Plaintiffs' statute of limitations argument is premature, and therefore unlikely to succeed on the merits.

At oral argument, plaintiffs directed the Court to a 2013 Debt Validation Letter ("2013 Letter") and argued that the Letter offers evidence of acceleration.  The 2013 Letter, sent from plaintiffs' loan servicer, attempts to collect a debt of $440, 462.71, which seems to collect the total amount, plus interest, owed under the Loan.  Compl., Ex. L, at 8.  This suggests that plaintiffs' loan servicer had, in fact,

accelerated the obligation owed under the Deed of Trust.  However, plaintiffs' loan servicer sent another

letter in 2015 ("2015 Letter"), which indicates that defendants rescinded the acceleration.  *See id.*, Ex. L, at

10-12.  That letter states, in relevant part, that "the mortgage loan remains in default and the lender intends

to foreclose" and that the "total you must pay to cure default" is $102,428.61.  *Id.*, Ex. L, at 10.  It appears

that the 2015 letter withdrew the 2013 Letter's acceleration of the debt owed under the Deed of Trust.

Therefore, the only evidence of an existing acceleration before the Court remains the 2015 Notice of Default

and Election, making plaintiff's ORS § 88.110 claim premature and unlikely to succeed on the merits.

Because plaintiffs have failed to meet the threshold inquiry of whether their claims are

likely to succeed on the merits, this Court need not consider the other *Winter* elements.  *California v. Azar*,

911 F.3d 558, 575 (9th Cir. 2018).  Plaintiffs have not established that they are entitled to the "extraordinary

remedy" of a temporary restraining order.

### CONCLUSION

Accordingly, plaintiffs' Emergency Motion for Temporary Restraining Order, ECF [4], is

DENIED.

IT IS SO ORDERED.

DATED this 16th day of February, 2024.

_____
Adrienne Nelson
United States District Judge